# Exhibit 1





SECRETARY OF STATE

STATE OF NEVADA

# NEVADA STATE BUSINESS LICENSE

## AJ ENERGY, LLC
Nevada Business Identification # NV20101355402

## Expiration Date: April 30, 2019

In accordance with Title 7 of Nevada Revised Statutes, pursuant to proper application duly filed and payment of appropriate prescribed fees, the above named is hereby granted a Nevada State Business License for business activities conducted within the State of Nevada.

Valid until the expiration date listed unless suspended, revoked or cancelled in accordance with the provisions in Nevada Revised Statutes.  License is not transferable and is not in lieu of any local business license, permit or registration.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on April 10, 2018

*Barbara K. Cegavske*

Barbara K. Cegavske
Secretary of State

*You may verify this license at www.nvsos.gov under the Nevada Business Search.*

License must be cancelled on or before its expiration date if business activity ceases.
Failure to do so will result in late fees or penalties which by law <u>cannot</u> be waived.



## SECRETARY OF STATE

## STATE OF NEVADA

# CERTIFICATE OF EXISTENCE
# WITH STATUS IN GOOD STANDING

I, Barbara K. Cegavske, the duly elected and qualified Nevada Secretary of State, do hereby certify that I am, by the laws of said State, the custodian of the records relating to filings by corporations, non-profit corporations, corporation soles, limited-liability companies, limited partnerships, limited-liability partnerships and business trusts pursuant to Title 7 of the Nevada Revised Statutes which are either presently in a status of good standing or were in good standing for a time period subsequent of 1976 and am the proper officer to execute this certificate.

I further certify that the records of the Nevada Secretary of State, at the date of this certificate, evidence, **AJ ENERGY, LLC**, as a limited liability company duly organized under the laws of Nevada and existing under and by virtue of the laws of the State of Nevada since April 26, 2010, and is in good standing in this state.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on April 10, 2018.

*Barbara K. Cegavske*

Barbara K. Cegavske
Secretary of State

Electronic Certificate
Certificate Number: C20180410-0871

# INITIAL/ANNUAL LIST OF MANAGERS OR MANAGING MEMBERS AND STATE BUSINESS LICENSE APPLICATION OF:

ENTITY NUMBER

E0230542010-8

AJ ENERGY, LLC

NAME OF LIMITED-LIABILITY COMPANY

*100403*

FOR THE FILING PERIOD OF    APR, 2018    TO    APR, 2019

**USE BLACK INK ONLY - DO NOT HIGHLIGHT**

## **YOU MAY FILE THIS FORM ONLINE AT www.nvsilverflume.gov**

☐ Return one file stamped copy. (If filing not accompanied by order instructions, file stamped copy will be sent to registered agent.)

*IMPORTANT: Read instructions before completing and returning this form.*

1. Print or type names and addresses, either residence or business, for all manager or managing members. A **Manager, or if none, a Managing Member** of the LLC must sign the form. *FORM WILL BE RETURNED IF UNSIGNED.*

2. If there are additional managers or managing members, attach a list of them to this form.

3. Return completed form with the fee of $150.00. A $75.00 penalty must be added for failure to file this form by the deadline. An annual list received more than 90 days before its due date shall be deemed an amended list for the previous year.

4. State business license fee is $200.00. Effective 2/1/2010, $100.00 must be added for failure to file form by deadline.

5. Make your check payable to the Secretary of State.

6. **Ordering Copies:** If requested above, one file stamped copy will be returned at no additional charge. To receive a certified copy, enclose an additional $30.00 per certification. A copy fee of $2.00 per page is required for **each additional copy** generated when ordering 2 or more file stamped or certified copies. Appropriate instructions must accompany your order.

7. Return the completed form to: Secretary of State, 202 North Carson Street, Carson City, Nevada 89701-4201, (775) 684-5708.

8. Form must be in the possession of the Secretary of State on or before the last day of the month in which it is due. (Postmark date is not accepted as receipt date.) Forms received after due date will be returned for additional fees and penalties. Failure to include annual list and business license fees will result in rejection of filing.

| | |
|---|---|
| Filed in the office of | Document Number |
| *Barbara K Cegaske* | **20180162798-44** |
| Barbara K. Cegavske | Filing Date and Time |
| Secretary of State | **04/10/2018 10:43 AM** |
| State of Nevada | Entity Number |
| | **E0230542010-8** |

(This document was filed electronically.)
**ABOVE SPACE IS FOR OFFICE USE ONLY**

**ANNUAL LIST FILING FEE: $150.00    LATE PENALTY: $75.00 (if filing late)**          **BUSINESS LICENSE FEE: $200.00    LATE PENALTY: $100.00 (if filing late)**

---

**CHECK ONLY IF APPLICABLE AND ENTER EXEMPTION CODE IN BOX BELOW**

NRS 76.020 Exemption Codes

☐ Pursuant to NRS Chapter 76, this entity is exempt from the business license fee. Exemption code: [    ]

001 - Governmental Entit
006 - NRS 680B.020 Insurance Co.

**NOTE: If claiming an exemption, a notarized Declaration of Eligibility form must be attached. Failure to attach the Declaration of Eligibility form will result in rejection, which could result in late fees.**

| NAME | | | |
|---|---|---|---|
| ALEXANDER BOBARYKIN | MANAGER OR MANAGING MEMBER | | |
| **ADDRESS** | CITY | STATE | ZIP CODE |
| 3731 W PARK CENTRAL AVE | ORANGE | CA | 92868 |

| NAME | | | |
|---|---|---|---|
| RITA BOBARYKIN | MANAGER OR MANAGING MEMBER | | |
| **ADDRESS** | CITY | STATE | ZIP CODE |
| 3731 W PARK CENTRAL AVE | ORANGE | CA | 92868 |

| NAME | | | |
|---|---|---|---|
| JIMMY H KIM | MANAGER OR MANAGING MEMBER | | |
| **ADDRESS** | CITY | STATE | ZIP CODE |
| 18925 MT CASTILE CIRCLE | FOUNTAIN VALLEY | CA | 92708 |

| NAME | | | |
|---|---|---|---|
| JIE C LIN | MANAGER OR MANAGING MEMBER | | |
| **ADDRESS** | CITY | STATE | ZIP CODE |
| 990 N LAKE AVE | PASADENA | CA | 91104 |

None of the managers or managing members identified in the list of managers and managing members has been identified with the fraudulent intent of concealing the identity of any person or persons exercising the power or authority of a manager or managing member in furtherance of any unlawful conduct.

I declare, to the best of my knowledge under penalty of perjury, that the information contained herein is correct and acknowledge that pursuant to NRS 239.330, it is a category C felony to knowingly offer any false or forged instrument for filing in the Office of the Secretary of State.

X ALEXANDER BOBARYKIN

| Title | Date |
|---|---|
| MANAGER | 4/10/2018 10:43:21 AM |

**Signature of Manager, Managing Member or Other Authorized Signature**

Nevada Secretary of State List ManorMem
Revised: 7-1-17

# Exhibit 2

# JOINT VENTURE AGREEMENT FOR INVESTMENT

This agreement is entered into on the 21st day of September 2015

**BETWEEN;**

**HESTIUN FINANCE LIMITED,** whose administrative office is 2ND Floor, Lawford House, 4 Albert Place, London N3 1 QA, United Kingdom, with Incorporation number 6955493, represented by **Julian Richard Beardsley**, with passport number 800374990, issued by The United Kingdom.
*Hereinafter referred to as "**Provider**"*

**AND**

**AJ ENERGY LLC,** whose administrative office is 1401 Dove Street, Suite 220, Newport Beach, CA 92660, USA, legally registered in Nevada, USA with registration number NV20101355402, represented by **Alexander Bobarykin** with passport number 506342990, issued by The United States.
*Hereinafter referred to as "**Arranger and Co-Manager**"*

**AND**

**NRG CO., LIMITED,** whose administrative office is Songpa-gu, Songpa-dong 32-1, Kyungnam Lakepark #206, Seoul, Korea, with company registration number 220-87-62654, represented by **Robert Kim**, with passport number 530879197, issued by The United States.
*Hereinafter referred to as "**Co-Manager**"*

**AND**

The two Co-Managers together shall be referred to as "**Co-Managers**."

## GENERAL PROVISIONS OF AGREEMENT

WHEREAS, this is a Joint Venture Agreement between three experienced commercial entities, who have a desire to make and manage investments in the Republic of Korea.

WHEREAS, this Joint Venture Agreement accepts that all entities have conducted the appropriate Due Diligence on their respective sides of the agreement, and can accept that the cash funds provided are all from legal non-criminal origin, are free from all ties and liens, and are good clean clear funds, and that all entities to this agreement shall use the full regulatory compliance of the banking system to conduct transactions between each other.

THEREFORE IT IS AGREED AS FOLLOWS;

### *1. OBLIGATIONS AND REPRESENTATION*

1. Arranger/Co-Manager represents that it will arrange the investment funds from Provider for management with Co-Manager.
2. Provider will act solely as the funding source and will not be involved in the daily business activities of the Co-Managers.
3. Provider grants full Power of Attorney to Co-Managers for carrying on business of the agreed upon terms of use of funds.
4. Provider represents that the financial server cash funds of a face value of Three Billion Euros (€3,000,000,000.00) which are available at Deutsche Bank AG, AM Main Frankfurt, Germany, and Provider is ready to make available

FIRST PARTY: _____   SECOND PARTY: _____   THIRD PARTY: *J.B.*                    1

these server cash funds to the "common account" in Deutsche Bank AG in favor of and for further benefit of the Co-Managers.

5.  Provider represents that Hestiun Finance Limited is the lawful owner of the proposed funds.
6.  Co-Managers attest that it has completed all arrangements with their bank to receive the said funds from the "common account" in Deutsche Bank AG.
7.  Co-Managers represents to have special experience in the areas of legal services, banking, interbank screen transaction, investment in different projects, management of server cash funds, issuing of securities, as well as work on securities markets.

## EXHIBIT A

## STANDARD TERMS AND CONDITIONS

### 1. TERMS

1   **Contract Commencement:** This Contract is effective as of the date specified herein and shall remain in full force and effect until the obligations of each entity have been totally fulfilled.

2   **Force and Effect:** This Contract shall be binding upon the entities, their corporate officers, and any successors to corporate positions taken after this contract has come into effect.

3   **Funds:** All Funds transferred to and from all accounts contained herein are warranted to be good, clean and cleared funds of non-criminal origin, and that any funds earned or otherwise derived from this contract shall not be used for any form of Arms Purchase, Trade or Sale; Terrorism or Terrorist Funding; Funding Criminal Activity; Funding the Production, Supply and Sale of Controlled Substances; or for any illicit purposes that can be used in anti-social purpose.

4   **Taxes, Institutional Cost:** Entities, individually and separately, accept liability for taxes, impost levies, duties charges and any other institutional costs that may be applicable in the execution of the respective roles.

5   **Commission Fees:** Each entity shall be responsible only for those commissions and fees that they have agreed in writing to pay. Each entity shall be responsible only for those commissions and fees that they have agreed in writing to pay. Each entity shall indemnify and hold harmless the other entity against any claim, demand or expense from any third party, however arising. ***Payments to Intermediaries and brokers are the sole responsibility of each entity and shall not enter into any agreement with any Intermediary or Broker as there are official limits to what can be paid which each entity adheres to.***

6   **Non-circumvention; Non-Disclosure:** All entities agree to respect the other's proprietary interest(s) and also abide by the standards of non-circumvention and non-disclosure as outlined by the International Chamber of Commerce, Paris, France; said standards are hereby made an integral part of this Contract by this reference.

7   **Modifications and Language:** Any Modification to this Contract shall be made in writing, in the English Language and is to be executed by each entity as a condition precedent to the implementation of such modification.

8   **Banking Co-ordinates:** Shall be delivered on the Business/Asset Management Agreement.

9   **Codes:** The entities agree that the Individual Addendum number shall be applied to each and every financial transaction between them, and that by so doing each entity has an immediate reference to the receipt of funds. The Individual Addendum number shall remain the same for the whole period of the contract.

10  **Notices:** Any notice to be given hereunder by either entity to the other shall be in writing and delivered by either certified mail or scanned email to the last address provided by the entities on their CIS to each other.

FIRST PARTY:   SECOND PARTY:   THIRD PARTY: *J.B.*   2

## 2. APPLICATION

1  **Jurisdiction and Disputes:** This Contract shall be governed by and construed under the laws of England and Wales, and the venue for jurisdiction for any disputes arising out of this contract shall be England and Wales, hearings can be in any Court of this jurisdiction so appointed by the aggrieved entity. The Language of any such action shall be English.

2  **Arbitration:** In the event that any aspect of this Contract is disputed by one of the entities and cannot be resolved, the entities agree to have their dispute arbitrated under the Rules of Reconciliation protocols of the Chartered Institute of Arbitrators, London United Kingdom, then in force. Judgement upon reward shall be limited to the total documented value of this Contract, plus fees and expenses, liquidated damages as determined by the Arbitrator and any incurred legal fees, and may be entered in any Court of competent jurisdiction.

## 3. MISCELLANEOUS

1  **Default:** In the event entities fails to perform their respective obligations or otherwise is in default hereof by any reason of any act of omission which constitutes gross negligence, willful misconduct or misrepresentation, perjury or malfeasance, the injured and aggrieved entity, in his sole discretion, upon giving of due notice to the defaulting party, may (1) terminate this Contract; (2) suspend the operation of this Contract pending the determination and effecting of a satisfactory remedy of the default within (5) five banking days.

2  **Number and Gender:** Whenever used in this Contract, the singular shall include the plural, the plural shall include the singular, and the neuter gender shall include the male and female as well as a firm, Trust, company or corporation all as the context and meaning of this Contract may require.

3  **Further Assurances:** The entities to this Contract shall promptly execute and deliver any and all additional documents, instrument, notices, and other assurances, and shall do any and all other acts and things, reasonably necessary in connection with the performance of their respective obligations under this Contract and to carry out the intent of the entities.

4  **Amendment:** This Contract may be altered, amended, or repealed only in writing signed by the entities, except in the event of substantive default, wherein the opposing entity may unilaterally declare the contract null and void.

5  **Title and Headings:** The article, section, and paragraph titles and headings contained in this Contract are inserted as a matter of convenience and for ease of reference only and shall be disregarded for all other purposes, including the construction or enforcement of this Contract or any of its provisions.

6  **Time of the Essence:** Time is of the essence of every provision of this Contract that specifies a time or time frame for performance.

7  **No Third Party Beneficiary Intended:** This Contract is made solely for the benefit of the entities to the Contract and their respective permitted successors and assigns, and no other person or entity shall have or acquire any right by virtue of this Contract.

8  **Joint Venture, Agency or Partnership:** The entities acknowledge that the Contract between them is a Joint Venture Funding Contract and not an Agency or a Partnership Agreement.

9  **Confidentiality:** The entities agree that the subject matter of this Contract constitutes a private transaction between the three principals, and that said subject matter shall be treated with the utmost confidence, any entity divulging this Contract, its contents, its parties or any such act, shall immediately be treated as a Breach of the Contract, and the Contract shall be immediately terminated with the loss of financial gains due or to be due to be paid under the Contract..

10  **Disclosure:** The entities agree not to disclose their identity or performance to any third party, other than the lodging of the Contract with their relevant banks for Due Diligence purposes.

11  **Pledge:** The Collateral Provider hereby makes this solemn pledge that the funds generated to him shall not be used in anyway, either directly or indirectly, for the purchase and sale of weapons and/or arms, the funding of terrorism or terrorists, the funding of the manufacture, distribution and sale of illegal drugs, funding of organised crime or single criminal acts, the trafficking of human beings or body parts or for any antisocial, anti Human Right or any act that be socially unacceptable in or on any part of the world.

FIRST PARTY:          SECOND PARTY:          THIRD PARTY: J.B.

3

In witness, on this 21st day of September, 2015, all the terms and conditions stated herewith are accepted by both parties.

For and/on behalf of COLLATERAL PROVIDER:
**HESTIUN FINANCE LIMITED**

_Authorized Signatory_
NAME:  **Julian Richard Beardsley**
POSITION:  DIRECTOR
PASSPORT:   800374990
COUNTRY: United Kingdom
ISSUE :  26 February 2007
EXPIRY:  26 March 2017

For and/on behalf of ARRANGER/CO-MANAGER:
**AJ ENERGY LLC**

_Authorized Signatory_
NAME:  **Alexander Bobarykin**
POSITION:  CEO
PASSPORT:  506342990
COUNTRY:  United States
ISSUE :  20 June 2015
EXPIRY:  19 June 2025

For and/on behalf of CO-MANAGER:
**NRG CO., LTD**

_Authorized Signatory_
NAME:  **Robert Kim**
POSITION:  CEO
PASSPORT:  530879197
COUNTRY:  United States
ISSUE :  15 September 2015
EXPIRY:  14 September 2025

FIRST PARTY:            SECOND PARTY:            THIRD PARTY:            4

APPENDIX A: PASSPORT COPIES







FIRST PARTY: _____   SECOND PARTY: _____   THIRD PARTY: J.B.

5

# Exhibit 3

TRANSACTION CODE:
DATE: **5 August 2015**

# BUSINESS/ ASSETS MANAGEMENT AGREEMENT

**This "Business/ Asset Management Agreement (BA) is signed/ executed on August 5, 2015 by and between:**

**PARTY A-PROVIDER:**

| COMPANY: | HESTIUN FINANCE LIMITED |
|---|---|
| REPRESENTED BY: | MR. JULIAN RICHARD BEARDSLEY |
| ADDRESS: | 2ND FLOOR, LAWFORD HOUSE, 4 ALBERT PLACE, LONDON N3 1 QA, U.K. |
| COUNTRY: | UNITED KINGDOM |
| PASSPORT NO.: | 800374990 |
| PLACE OF ISSUE: | UNITED KINGDOM |
| DATE OF ISSUE: | 26/02/2007 |
| DATE OF EXPIRY: | 26/03/2017 |

HEREINAFTER REFERRED TO AS PARTY A OR **"THE FIRST PARTY"**
**AND**

**PARTY B–RECEIVER:**

| COMPANY NAME: | NRG CO. LIMITED |
|---|---|
| ADDRESS: | SONGPA-GU, SONGPA-DONG 32-1, KYUNGNAM LAKEPARK #206, SEOUL, KOREA |
| REPRESENTED BY: | JIMMY KIM |
| PASSPORT NO.: | 485281454 |
| PLACE OF ISSUE: | USA |
| DATE OF ISSUE: | 06/07/2011 |
| DATE OF EXPIRY: | 05/07/2021 |
| NAME OF BANK: | WOORI BANK |
| BANK ADDRESS: | HYUNDAI KNOWLEDGE INDUSTRIAL CENTER, 70 DOOSAN-RO, GEUMCHEON-GU, SEOUL, KOREA |
| ACCOUNT NUMBER: | 1081-400-676393 |
| IBAN: | |
| ACCOUNT NAME: | NRG CO. LTD |
| SWIFT CODE: | HVBKKRSEXXX |
| BANK OFICER: | MR. YOUNG CHUL KIM |
| BANK OFICER'S TEL: | +82 2 2104 6780 |

**HEREINAFTER REFERRED TO AS: PARTY B OR "THE SECOND PARTY"**
**Having all necessary power and authority, and acting according to existing laws, to conclude the present "Business Agreement (hereinafter" BA")**

RECITAL&REPRESENTATION:

• WHEREAS PARTY A REPRESENTS THE FINANCIAL SERVER CASH FUNDS OF A FACE VALUE OF **THREE BILLION EUROS** WITH ROLLS AND EXTENSIONS WHICH ARE AVAILABLE AT DEUTSCHE BANK AG, AM MAIN FRANKFURT, GERMANY, AND PARTY A IS READY TO MAKE AVAILABLE THESE SERVER CASH FUNDS TO THE "COMMON ACCOUNT" IN DEUTSCHE BANK AG IN FAVOR OF AND FOR FURTHER BENEFIT OF WEHRHAHN GMBH ACCORDING TO THE AFFIDAVIT OF OWNERSHIP TO BE ISSUED BY PARTY A.

• WHEREAS PARTY A REPRESENTS THAT HESTIUN FINANCE LIMITED IS THE LAWFUL OWNER OF THE PROPOSED  FUNDS.

• WHEREAS PARTY B ATTESTS THAT IT HAS COMPLETED ALL ARRANGEMENTS WITH THEIR BANK TO RECEIVE THE SAID FUNDS FROM THE "COMMON ACCOUNT" IN  DEUTSCHE BANK AG. PARTY B ALSO CONFIRMS IRREVOCABLY THAT IT HAS THE MONETARY RESOURCES  AND ITS READINESS WITH CASH TO PAY THE REQUIRED AMOUNT, DUE AS PER THIS AGREEMENT TO  PARTY A  ACCORDING THE MUTUALLY AGREED SCHEDULE UPON **PARTY A** PRESENTING A SCANNED COPY OF BANK INFORMATION "TRANSFER  SLIP".

THE FIRST PARTY:          THE SECOND PARTY:                              1

TRANSACTION CODE:
DATE: **5 August 2015**

• WHEREAS, THE PARTIES HAVE SPECIAL EXPERIENCE IN THE AREAS OF LEGAL SERVICES, BANKING, INTERBANK SCREEN TRANSACTION, INVESTMENT IN DIFFERENT PROJECTS, MANAGEMENT OF SERVER CASH FUNDS, ISSUING OF SECURITIES, AS WELL AS WORK ON SECURITIES MARKET, NECESSARY FOR EXECUTION OF THIS TRANSACTION;

• WHEREAS, IT IS AGREED BY THE PARTIES TO SET FORTH CONDITIONS AND THEIR COVENANTS IN WRITING; NOW THEREFORE, IN CONSIDERATION OF THE MUTUAL COVENANTS, TERMS AND CONDITIONS HEREIN, AND OTHER GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH IS HEREBY ACKNOWLEDGED BY THE PARTIES HERETO, THE PARTIES HEREBY AGREE AS FOLLOWS:

• PARTY A, DECLARES THAT SERVER FUNDS IN DEPOSIT AT **DEUTSCHE BANK AG**, IN THE AMOUNT OF THREE BILLION EURO, IS READY TO MAKE AVAILABLE SERVER CASH AND TRANSFER THE SERVER CASH TO A "COMMON ACCOUNT" IN DEUTSCHE BANK AG IN FAVOR OF  AND FOR BENEFIT TO **PARTY B**.

PAYMENT COMMITMENT:

• PARTY B HEREBY IRREVOCABLY COMMITS AND UNDERTAKES TO PAY AS FULL AND FINAL SETTLEMENT FOR THE SERVER CASH FUNDS RECEIVED FROM PARTY A ACCORDING INFORMATION PROVIDED.

EACH PARTY IS RESPONSIBLE TO PAY ALL THEIR RESPECTIVE TAXES/COST (IF ANY).

**NOTE:** First tranche is **€ 3,000,000,000.00** (three billion euro)

DESCRIPTION OF TRANSACTION:

| 1 | **INSTRUMENT:** | Server Cash Funds for Investment via Interbank Screen |
|---|---|---|
| 2 | **TOTAL FACE VALUE:** | **€3'000'000'000.00 (three billion euro) with R&E * SENDER OPTION** |
| | **100% INCLUDING:** | |
| 3 | **SENDER SIDE** | **50% of each transaction value** |
| 4 | **RECEIVER SIDE** | **50% of each transaction value** |
| 5 | **PAYMENT:** | **SWIFT MT103 WIRE TRANSFER** |
| 6 | **NOTE** | **It's understood that the amount and timing of tranches are defined between the bank officers** |

3.1    TRANSACTION PROCEDURE AND RESPONSIBILITIES / OBLIGATIONS AND LIBILITIES OF THE PARTIES

a)   PARTY A SHALL TRANSFER THE SERVER CASH FUNDS AMOUNTING TO 3 BILLION EURO AS A FIRST TRANCHE TO THE  **"COMMON ACCOUNT"** IN DEUTSCHE BANK IN FAVOR OF  AND FOR  FURTHER BENEFIT TO PARTY B;

b)   **PARTY A** WILL SUBSEQUENTLY PROVIDE THE INFORMATION TRANSFER SLIP TO PARTY B TOGETHER WITH  AN
c)   AFFIDAVIT OF OWNERSHIP AS EVIDENCE OF TRANSFER TO "COMMON ACCOUNT".

d)   **PARTY B** SHALL LOCATE AND CONFIRM THE FUNDS BY USING THE PROVIDED DOCUMENTS WITHIN **24 HOURS.**

e)   THE SUBSEQUENT TRANCHES WILL BE CARRIED OUT FOLLOWING THE SAME PROCEDURE.

SPECIAL PROVISIONS

a)   [TAXES]: EACH PARTY, INDIVIDUALLY AND SEPARATELY, SHALL BEAR RESPONSIBILITY AND ACCEPTS  LIABILITY FOR APPLICABLE PAYMENTS OF ANY TAX, IMPOSED, LEVIES AND DUTIES OF CHARGES THAT MAY BE FOUND APPLICABLE DURING THE FULFILLMENT OF THEIR RESPECTIVE OBLIGATIONS UNDER THIS **BA** AGREEMENT.

THE FIRST PARTY:                    THE SECOND PARTY:                    2

TRANSACTION CODE:
DATE: **5 August 2015**

b) [ASSIGNMENT]: THE PARTIES MAY ASSIGN OR TRANSFER ITS RIGHTS OR DUTIES IN THIS AGREEMENT WITH THE EXPRESS WRITTEN CONSENT OF THE OTHER PARTY

c) NO COPIES OF THIS AGREEMENT TO BE DISTRIBUTED TO ANY INVOLVED INTERMEDIARIES. ONLY PRINCIPAL TO PRINCIPAL TO BE INVOLVED IN COMMUNICATION AND EXCHANGING BANKING DETAILS.

## Details Provider Bank – Party A:

| BANK NAME: | DEUTSCHE BANK AG FRANKFURT |
|---|---|
| BANK ADDRESS: | THEODOR-HEUSS-ALLEE 70 60262, FRANKFURT AM MAIN, GERMANY |
| SWIFT CODE: | DEUTDEFF |
| ACCOUNT NAME: | HESTIUN FINANCE LIMITED |
| ACCOUNT NUMBER: | 947259564 |
| BENEFICIARY NAME: | HESTIUN FINANCE LIMITED |
| SPECIAL WIRE INSTRUCTIONS | PREADVICE MUST BE SENT VIA SWIFT PRIOR TO WIRE TRANSFER & EMAIL A NOTIFICATION IMMEDIATELY UPON EACH TRANSFER PAYMENT TOGETHER WITH THE TRANSACTIONS CODE/S TO:E-MAIL: |
| REQUIRED MESSAGE | ALL TRANSFER INSTRUCTIONS SHALL STATE: "FUNDS ARE CLEAN AND CLEAR, OF NON-CRIMINAL ORIGIN AND ARE PAYABLE IN CASH IMMEDIATELY UPON RECEIPT BY BENEFICIARY'S BANK." |

## Details Receiver Bank - Party B:

| 00 | TRANSACTION CODE: | |
|---|---|---|
| 01 | Bank Name: | WOORI BANK |
| 02 | Bank Address: | HYUNDAI KNOWLEDGE INDUSTRIAL CENTER, 70 DOOSAN-RO, GEUMCHEON-GU, SEOUL, KOREA |
| 03 | Bank swift: | HVBKKRSEXXX |
| 04 | Bank Account number: | 1081-400-676393 |
| 05 | Bank IBAN: | |
| 06 | Account Name: | NRG CO. LTD |
| 07-08 | BANK OFICER: BANK OFICER'S TEL: | MR. YOUNG CHUL KIM +82 2 2104 6780 |

REPRESENTATIONS AND WARRANTIES:

## Representations

(a) Organization. It is duly organized, validly existing and in good standing under the laws of its jurisdiction of formation with all requisite power and authority to enter into this Agreement, to perform its obligations hereunder and to conduct the business of the Program and the Subsidiaries.

(b) Enforceability. This Agreement constitutes the legal, valid and binding obligation of such party enforceable in accordance with its terms.

(c) Consents and Authority. No consents or approvals are required from any governmental authority or other Person for it to enter into this Agreement. All action on the part of such party necessary for the authorization, execution and delivery of this Agreement and the consummation of the transactions contemplated hereby by such party, have been duly taken.

(d) No Conflict. The execution and delivery of this Agreement by it and the consummation of the transactions contemplated hereby by it do not conflict with or contravene the provisions of its organizational documents or any agreement or instrument by which it or its properties or assets are bound or any law, rule, regulation, order or decree to which it or its properties or assets are subject.

**(e) Asset Manager. It has been afforded the opportunity to seek and rely upon the advice of its own attorney, accountant or other professional advisor in connection with the execution of this Agreement.**

THE FIRST PARTY:          THE SECOND PARTY:          3

TRANSACTION CODE:
DATE: **5 August 2015**

**Both party shall do so in respect of each other and under this Agreement written conditions.**
MISCELLANEOUS:

### Notice(s)

Any modifications, amendments, addendums or follow on contracts will be executed by the two authorized signatories respectively. When signed and referenced to this agreement, whether received by mail or facsimile transmission as all and any facsimile or photocopies certified as true copies of the originals by both parties hereto shall be considered as an original, both legally binding and enforceable for the term of this agreement.

### Specific Performance; Other Rights

The parties recognize that several of the rights granted under this Agreement are unique and, accordingly, the parties shall, in addition to such other remedies as may be available to them at law or in equity, have the right to enforce their rights under this Agreement by actions for injunctive relief and specific performance.

### Prior Agreements; Construction; Entire Agreement

This Agreement, including the Exhibits and other documents referred to herein (which form a part hereof), constitutes the entire agreement of the parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings between them as to such subject matter and all such prior agreements and understandings are merged herein and shall not survive the execution and delivery hereof. In the event of any conflict between the provisions of this Agreement and those of any Joint Ventures Agreement, the provisions of the applicable Joint Venture Agreement shall control.

### Amendments

This Agreement may not be amended, altered or modified except (i) upon the unanimous by instrument in writing and signed by each of Investor and Asset Manager.

### Severability

If any provision of this Agreement shall be held or deemed by a final order of a competent authority to be invalid, inoperative or unenforceable, such circumstance shall not have the effect of rendering any other provision or provisions herein contained invalid, inoperative or unenforceable, but this Agreement shall be construed as if such invalid, inoperative or unenforceable provision had never been contained herein so as to give full force and effect to the remaining such terms and provisions.

### Counterparts

This Agreement may be executed in one or more counterparts, all of which shall be considered one and the same Agreement, and shall become effective when one or more such counterparts have been signed by each of the parties and delivered to each of the other parties.

### Applicable Law; Jurisdiction

This Agreement shall be governed by and construed in accordance with the laws of the Paris. The parties consent to the exclusive jurisdiction of the Paris shall be preceded with the according to the principal of the ICC, with any civil action concerning any controversy, dispute or claim arising out of or relating to this Agreement, or any other agreement contemplated by, or otherwise with respect to, this Agreement or the breach hereof, unless such court would not have subject matter jurisdiction thereof, in which event the parties consent to the jurisdiction of the ICC as above indicated. The parties hereby waive and agree not to assert in any litigation concerning this Agreement the doctrine of forum non-convenient.

### Waiver of Jury Trial

THE PARTIES HERETO HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE TRIAL BY JURY IN ANY LEGAL ACTION OR PROCEEDING RELATING TO THIS AGREEMENT AND FOR ANY COUNTERCLAIM THEREIN.

### Arbitration

Every attempt shall be made to resolve disputes arising from unintended or inadvertent violation of this contractual agreement as far as possible amicably. In the event that adjudication is required local legal process

THE FIRST PARTY:                    THE SECOND PARTY:                    4

TRANSACTION CODE:
DATE: **5 August 2015**

shall be preceded with according to the principal of the ICC as above indicated. Where judicial resolution is not thereby achieved, this matter shall be settled by the ICC itself and the decision of which all Parties shall consider to be final and binding. No State court of any nation shall have subject matter jurisdiction over matters arising under this Agreement.

**No Rights of Third Parties.**
(i) this Agreement is made solely and specifically between and for the benefit of the parties hereto and their respective members, successors and assigns subject to the express provisions hereof relating to successors and assigns, and (ii) no other Person whatsoever shall have any rights, interest, or claims hereunder or be entitled to any benefits under or on account of this Agreement as a third party beneficiary or otherwise.

**Survival**
The covenants contained in this Agreement which, by their terms, require performance after the expiration or termination of this Agreement shall be enforceable notwithstanding the expiration or other termination of this Agreement.

**Headings**
Headings are included solely for convenience of reference and if there is any conflict between headings and the text of this Agreement, the text shall control.

**No Broker**.
Each of Investor and Asset Manager represent and warrant that it has not dealt with any broker in connection with this Agreement and agrees to indemnify, defend and hold harmless each other party hereto and its Affiliates from all claims and/or damages as a result of this representation and warranty being false.

**Currency**
Any exchange of funds between Investor and Asset Manager shall be made in the same currency in which the Investor transferred the investment fund (Article III; Section 3.0.5.; (b)). In addition, all calculations pursuant to this Agreement and any Joint Venture Agreement shall be based on ICC regulations in Paris.

## IRREVOCABLE FEE PROTECTION AGREEMENT

I, **Mr. JIMMY KIM (USA pass. # 485281454)** the undersigned, **NRG Co. LTD**, acting with full responsibility, hereby irrevocably and unconditionally, without protest or notification, without prejudice, recourse, or delay guarantee to pay the fee entitled to the beneficiaries listed on this document, via Wire transfer, at the time of settlement of each and every tranche of the transaction.

This Fee Agreement is our irrevocable pay order to the intermediaries and is and shall remain an intricate part of the contract between the buyer and the seller.

I, **Mr. JIMMY KIM (USA pass. # 485281454)** the undersigned, **NRG Co. LTD,** acting with full responsibility, hereby irrevocably and unconditionally, without protest or notification, without prejudice, recourse, or delay guarantee to transfer **€3'000'000'000.00** (three billion euro), WITH ROLL & EXTENTIONS, to the bank account designated by beneficiary, as mentioned of this Agreement. This transfer will be done before any orders, agreements or arrangements of Investor come into effect.

This pay order shall remain in effect until this transaction, including any renewals, extensions and additions are fully completed.

We confirm that upon the execution of this "Fee Protection Agreement" this document is our Irrevocable Pay order. This Agreement-Pay order shall be lodged in our bank and a copy from that bank will be forwarded to you the beneficiaries. We agree that this irrevocable pay-order will also be lodged with Asset Manager Side paymaster's bank for the simultaneous collection with the first tranche.

THE FIRST PARTY:                    THE SECOND PARTY:                    5

TRANSACTION CODE:
DATE: **5 August 2015**

### ARBITRATION:

All disputes and questions whatsoever which arises between the parties to this agreement and touching on this agreement on the construction or application thereof or any account cost, liability to be made hereunder or as to any act or way relating to this agreement shall be settled by the arbitration in accordance with the arbitration laws of the ICC.

This agreement contains the entire agreement and understanding concerning the subject matter hereof and supersedes and replaces all prior negotiations and proposed agreements, written or oral. Neither of the parties may alter, amend, nor modify this agreement, except by an instrument in writing signed by both parties. This agreement will be governed by and construed in accordance with the laws of United Kingdom. In the event that either party shall be required to bring any legal actions against the other in order to enforce any of the terms of this agreement the prevailing party shall be entitled to recover reasonably attorney fees and costs.

The main assets, in amount of **€3'000'000'000.00** (three billion euro) WITH ROLL & EXTENTIONS, would be transferred to the designated bank accounts of the companies, chosen and established between the Asset Manager and the Investor as future "profitable" investments, mainly for investments in companies that is acting in the fields of producing renewable energy, with either installation of photo-voltaic power plants or micro-hydro power plants, in countries such as Romania, Bulgaria, Hungary, Portugal, Spain, Slovenia, and not only.

This Fee Agreement-Pay Order, if transmitted by facsimile or electronic mail shall be considered an original, legally enforceable document. Generally recognized International Standards of Non Circumvention and Non-disclosure are applicable for a period of Five Years from the date of this document or the last date of the contract including any renewals, extensions and additions are fully completed and we agree to respect those.
We hereby declare that we are fully aware that the information received from you is in direct response to our request and is not in any way considered or intended to be a solicitation of funds of any sort, or any type of offering, and is intended for our general knowledge only. We hereby affirm, under penalty of perjury, that we have requested information from you and your organization by our choice and free will, and further that you have not solicited us in any way. Intermediaries are NOT Advisors of any kind.

Parties to this agreement are independent contractors and all contemplated payments and/or disbursements hereunder are divided interests. Nothing in this agreement construes or creates a partnership or employer/employee relationship between or among the parties hereto. All taxes, federal, state or other are the independent responsibility of each of the parties hereto.

The above stated codes and any other identification codes shall remain the same and shall not be changed until this transaction including any renewals, extensions and additions are fully completed and we agree to respect those. The transaction code may be amended only by agreement between all parties hereto. This transmission via facsimile will be accepted as an original and I confirm that I have authority to execute this Pay Order.

This Irrevocable Pay Order will come into effect only after full money transfer as of the Agreement will happen, AND ONLY AFTER THE ASSET MANAGER, WOULD HAVE ALREADY MADE THE TRANSFER RELATED TO THE FIRST INVESTMENT TO THE DESIGNATED BANK ACCOUNT OF THE COMPANY NOMINATED IN AMOUNT OF **50%** WILL BE TRANSFERRED.  After the investment funds were transferred and confirmed, the Asset Manager is entitled to retain his commission from the amount transferred in accordance with of the Agreement, **50%**.

### FEES PAID BY THE RECEIVER TO THE PROVIDER AND CONSULTANTS:

LIST OF COMMISSION: PROVIDER: **50%** of each transaction value.
LIST OF COMMISSION: RECEIVER: **50%** of each transaction value.
RECEIVER's CONSULTANTS INTERMEDIARY: **XX%**

This Fee Agreement-Pay order shall be lodged in our bank and a copy from that bank will be forwarded to all Beneficiaries, I AGREE TO THE ABOVE IRREVOCABLE FEE PROTECTION AGREEMENT IN ITS ENTIRETY.
This agreement once executed by both parties will become effective as of the date first written above. Any official Notice exchanged by the parties hereto, shall be sent to the first mentioned address(s) herein or as may be attached by addenda hereto.

THE FIRST PARTY:                    THE SECOND PARTY:                    6

TRANSACTION CODE:
DATE: **5 August 2015**

A facsimile or electronically transferred copy duly signed by both parties shall be deemed original.

Witness whereof, the parties hereto do set their hands and are witnessed with seals upon this Agreement as of this day August 5, 2015

**PROVIDER (FIRST PARTY) – 50% of Face Value including Rolls and Extension**

| PAYMASTER | |
|---|---|
| BANK | |
| ADDRESS | |
| SWIFT CODE | |
| ACCOUNT NAME | |
| ACCOUNT EURO    IBAN | |
| SPECIAL INSTRUCTIONS | "FUNDS ARE CLEAN AND CLEAR, OF NON-CRIMINAL ORIGIN AND ARE PAYABLE IN CASH IMMEDIATELY UPON RECEIPT BY BENEIFICIARY'S BANK."TEXT MESSAGE: THE S.W.I.F.T. OR CLEARSTREAM TEXT MESSAGE COVERING ALL REMITTANCES SHALL CLEARLY STATE THE FOLLOWING: "CLEAN, CLEARED, LIEN FREE AND UNENCUMBERED FUNDS, EARNED FROM FINANCIAL CONSULTING FEES ON BANK DETAILS IS SUBJECT POSSIBLE TO CHANGE WITHIN 8 HOURS BEFORE TRANSFER ON THE OFFICIAL BENEFICIARY ORDER |

**RECEIVER (FIRST PARTY) – 50% of Face Value including Rolls and Extension**

| BANK NAME: | WOORI BANK |
|---|---|
| BANK ADDRESS: | HYUNDAI KNOWLEDGE INDUSTRIAL CENTER, 70 DOOSAN-RO, GEUMCHEON-GU, SEOUL, KOREA |
| BANK SWIFT: | HVBKKRSEXXX |
| ACCOUNT NUMBER: | 1081-400-676393 |
| BANK IBAN: | |
| ACCOUNT NAME: | NRG CO. LTD |
| BANK OFICER: | MR. YOUNG CHUL KIM |
| BANK OFICER'S TEL: | +82 2 2104 6780 |
| BANK NAME: | WOORI BANK |
| BANK ADDRESS: | HYUNDAI KNOWLEDGE INDUSTRIAL CENTER, 70 DOOSAN-RO, GEUMCHEON-GU, SEOUL, KOREA |

Company Name:  **HESTIUN FINANCE LIMITED**
Signatory Name:  **Mr. Julian Richard Beardsley**
Designation: **Director**
Date: 08.05.2015

Company Name:  NRG Co. LTD
Signatory Name: Mr. Jimmy H Kim
Designation: **Director**
Date: 08.05.2015

THE FIRST PARTY:                THE SECOND PARTY:                7

TRANSACTION CODE:
DATE: **5 August 2015**

## FIRST PARTY PASSPORT COPY



THE FIRST PARTY:                    THE SECOND PARTY:                    8

TRANSACTION CODE:
DATE: **5 August 2015**

## SECOND PARTY PASSPORT COPY



THE FIRST PARTY:                    THE SECOND PARTY:

9

# Exhibit 4

저희 **우리은행** 은 커진만큼 큰 보답을 드리겠습니다.

| NRG CO., LTD | 계좌번호 | 1081-400-676393 |
| 주식회사앤왈지        님 | 고객번호 | 076005865 |
| | 신 규 일 | 2015-07-29 |

2015 년 07 월 29일



대한민국정부
민 자 세
1 0 0 원
남대문세무서장
선납승인 2014년 156호


●우리은행

인감사용
02-2104-6780
02-2104-6780

| 계좌개설점 | 독산지식산업센터지 |
| 통장발행점 | 독산지식산업센터지 |

중요증서 (1021)

001

**약관적용 안내**

▶ 이 통장의 거래에는 예금거래약관, 외국환관련법규 및
해당 예금 개별약관을 적용하며 우리 은행에 비치된
약관내용을 열람 또는 교부 받으실 수 있습니다.

**이 용 안 내**

▶ 이 통장은 외화 관련 각종 예금을 거래하실 수 있습니다.
▶ 신고된 서명인으로 예금을 찾으실 경우에는 예금주가
본인의 주민등록증을 제시하셔야 합니다.
▶ 통장, 인감, 현금지급(CD)카드, 신용카드 등의 분실시는
바로 가까운 우리은행 영업점이나 「콜센터」로 신고하여
주십시오.
▶ 텔레뱅킹/고객상담
  · 전국어디서나   ☎ 1588-5000 / 1599-5000
  · 해외에서 이용시 ☎ 82-2-2006-5000
  ※ 외화예금조회코드 (잔액조회 : 142) (거래내역 : 143)

| 특 | 외화보통예금 |
| 기 | 실명확인필 |
| 사 | |
| 항 | 신규발행 |

♣ **우리은행 유학이주센터** [안내전화 (02)2002-3000]

▶ 해외이주비, 유학경비 송금 및 환전 ▶ 해외금융기관 계좌 개설 ▶ 지금/부동산 관리 ▶ 국내외 세무 법률 상담 ▶ 각종 정보 제공

# Exhibit 5

07/10/15  22:30:27  PRINTER IN-2015-005932 8714-283892*84649-/F3KK

| NOTIFICATION | : | FUNDS TRANSFER CONFIRMATION |
|---|---|---|
| DELIVERY STATUS | : | (SENT) MESSAGE ACK |
| PRIORITY/DELIVERY | : | URGENT |
| REFERENCE NO. | : | DEUTDEFFXXX581749221 |
| UNIQUE T.R (UTR) | : | DEUTDEFFXXX583603726 |
| IMAD NO. | : | 08102015DEUTDEFFXXX763457 |
| TRANSACTION ID | : | STS-NRV/VDS-15/09/72-BVV-17-51 |

--------------------------------------------------------------------------------------------------------------------

SENDER

| BANK NAME | : | DEUTSCHE BANK AG |
|---|---|---|
| BANK ADDRESS | : | FRANKFURT AM MAIN, GERMANY |
| SWIFT CODE | : | DEUTDEFFXXX |
| ORDERING CUSTOMER | : | HESTIUN FINANCE LIMITED |
| ACCOUNT N° | : | 947259564 |
| CLEARING HOUSE NO. | : | DEUT-HEBA37890672 |
| TRANSACTION ID | : | 090512DEUTDEFFXXX886479 |
| IMAD | : | 18062013DEUTDEFFXXX485401 |
| REFERENCE NO. | : | DEUT997856743216 |
| UTR | : | DEUT997856743216 |
| CLIENT NAME/ID | : | F4700302 |
| CURRENCY | : | EURO |
| AMOUNT | : | €3,000,000,000.00 |

RECEIVER

| BANK NAME | : | DEUTSCHE BANK AG |
|---|---|---|
| BANK ADDRESS | : | FRANKFURT AM MAIN, GERMANY |
| BENEFICIARY | : | WOORI BANK |
| ACCOUNT NO. | : | W1024001KR |
| SWIFT CODE | : | DEUTDEFFXXX |
| DATE OF UPLOAD | : | 07/10/15 |

---------------------------------------------------- MESSAGE TEXT ------------------------------------------------------

WE, DEUTSCHE BANK AG FRANKFURT AM MAIN GERMANY HEREBY CONFIRM THAT WE HAVE UPLOADED
AND TRANSFERRED FAVOURING WOORI BANK WITH ACCOUNT NUMBER W1024001KR A TOTAL SUM OF
THREE BILLION EURO ONLY (€3,000,000,000.00) FOR FURTHER CREDIT TO NRG CO. LTD. (WOORI BANK
ACCOUNT NO. 1081-400-676393) THE PURPOSE OF FUNDS ARE FOR SECURITIES INVESTMENTS, I.E.
GOVERNMENT BONDS ARE PRECIOUS METALS, I.E. GOLD.

WE CONFIRM THAT THESE FUNDS ARE GOOD, CLEAN, AND CLEARED OF NON-CRIMINAL ORIGIN.
THERE WILL BE NO LIENS AND ENCUMBRANCES ON THESE FUNDS.

FOR AND ON BEHALF OF:
DEUTSCHE BANK AG FRANKFURT
AM MAIN, GERMANY BANK
OFFICER
MR. HENRY RITCHOTTE (PIN CODE: 78456)
(CHIEF OPERATIONS OFFICER)

---------------------------------------------------- MESSAGE TRAILER ------------------------------------------------------
(MAC: MIDL1306)
(CHK: 537427DEUTD13)
DATE RECORDED: 08/10/15  01:38:17
SIGNATORY: APPROVED

>>>>>>>>>END OF MESSAGE==<<<<<CLOSE WINDOW>>>>