# O'Hare Parnagian LLP

20 Vesey Street, Suite 300
New York, NY 10007
(212) 425-1401
Fax: (212) 425-1421
www.oHareparnagian.com

Westchester Office
700 White Plains Road, Suite 255
Scarsdale, NY 10583-5013
(914) 725-3632
Fax: (914) 725-3639

April 12, 2019

**By ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      RE:    *AJ Energy LLC v. Woori America Bank, et al.*,
               No. 18-cv-03735-JMF (BCM)

Dear Judge Furman:

      We write on behalf of Defendant Woori Bank in response to the Court's March 28, 2019 Minute Order (ECF Nos. 53, 56) directing the parties to address the exhibit submitted that date by Plaintiff's counsel (the "Exhibit"). The Exhibit purports to be an affidavit on behalf of Deutsche Bank, AG ("Deutsche Bank"), executed by its CEO, Christian Sewing, in support of Plaintiff's lawsuit.

      The Exhibit is a forgery. Plaintiff's submission of fraudulent evidence is consistent with Plaintiff's practice throughout this matter and further reason to grant Defendant's motion to dismiss and motion for sanctions.

      <u>First</u>, attached hereto is an affidavit from Erin Donovan, a Vice President in Deutsche Bank's Anti-Financial Crimes Division, confirming that the Exhibit is fraudulent and was not approved or authorized by Deutsche Bank. Ms. Donovan's affidavit further explains that Plaintiff's repeated claims that an affidavit from Deutsche Bank's Anti-Financial Crimes Division in New York is *prima facie* invalid are wrong because Deutsche Bank's Anti-Financial Crimes Division operates on an international basis. Ms. Donovan's affidavit also reaffirms the Deutsche Bank affidavits Woori Bank submitted with its motion for sanctions.[1]

      <u>Second</u>, the Exhibit bears numerous indicia of inauthenticity on its face. Setting aside the implausibility of a major international bank's CEO submitting an affidavit with

---

[1] Woori Bank has provided the fraudulent Exhibit and the Donovan Affidavit to the FBI and the United States Attorney's Office for the Central District of California.

O'Hare Parnagian llp

The Honorable Jesse M. Furman
April 12, 2019
Page 2

formatting and syntax errors,[2] the Exhibit lacks numerous elements that would be necessary for the Exhibit to constitute a properly notarized and authenticated affidavit executed in Germany. For instance:

- Absence of Notarial Certificate – Though purporting to contain an apostille,[3] the Exhibit contains no notarization.  The Apostille Convention defines "public document" to include "notarial acts" and "notarial authentications of signatures," among other documents.  *Id.* at Art. 1(c)-(d).  For a document that needs to be notarized, an apostille can "authenticate *only* the signature and official capacity of the notary who signed and stamped the attached document." *Neelon v. Krueger*, No. 12-cv-11198-IT, 2015 WL 13677813, at *2 (D. Mass. Sept. 8, 2015) (emphasis added).  Here, the Exhibit is not notarized, and so there is no "public document" for the apostille to authenticate.  Indeed, the Hague Conference on Private International Law's *Apostille Handbook: A Handbook on the Practical Operation of the Apostille Convention* (2013) ("Apostille Handbook"), identifies a "sworn statement" as a quintessential example of a "private" document that is not covered by the Apostille Convention.  *Id.* ¶ 129.[4]

- Absence of Date in Apostille – There are ten numbered items that must be included in an apostille.  As reflected in the Apostille Handbook, Item 6 is

---

[2] For example, the singular "Woori Bank" is defined as "Defendants."  (ECF No. 54 ¶ 1.)  Plaintiff is defined as "AJ Energy," at the beginning of the document but referred to instead as "AJ ENERGY, LLC" throughout the Exhibit. (*Id.* ¶¶ 1, 3, 5, 6, 9, 10, 12, 15.)  The Exhibit describes Mr. Sewing as "a Chief Executive Officer" as though there are several.  (*Id.* ¶ 1.)  And, the Exhibit switches between the first- and third-person when referring the Mr. Sewing. (*Id.* ¶¶ 1, 19, 22.)

[3] The Convention Abolishing the Requirement of Legalisation for Foreign Public Documents, T.I.A.S. No. 10072 (1981) (the "Apostille Convention"), provides "a process of authenticating foreign public documents through attachment of an apostille, signed by an appropriate authority in the country of origin, which certifies the signature and official capacity of the signatory to the underlying public document."  *Neelon v. Krueger*, No. 12-cv-11198-IT, 2015 WL 13677813, at *1 (D. Mass. Sept. 8, 2015).

[4] To be admissible as testimony, "an affidavit must be sworn to before an officer authorized to administer oaths, such as a notary public."  *Cross v. State Farm Ins. Co.*, 926 F. Supp. 2d 436, 440 (N.D.N.Y. 2013).  Here, there is no reference to the affiant being sworn, nor does the document contain the elements that would make it a proper declaration executed outside of the United States.  *See* 28 U.S.C. § 1746.  Thus, the Exhibit can and should also be rejected for this evidentiary deficiency.  *E.g.*, *Naantaanbuu v. Abernathy*, 816 F. Supp. 218, 229 (S.D.N.Y. 1993) (rejecting affidavit that was "neither signed nor notarized").

O'Hare Parnagian llp

The Honorable Jesse M. Furman
April 12, 2019
Page 3

>   the date on which the Apostille is issued.  (Apostille Handbook ¶ 258.)
>   The supposed apostille on the Exhibit lacks this basic information.

- Absence of Apostille Number – Item 8 on the apostille is to be the number of the apostille.  (Apostille Handbook ¶ 258.)  "The number on the Apostille is critical to allowing a recipient to verify the origin of the Apostille."  *Id.* ¶ 263; *see also id.* ¶ 278 ("The register is an essential tool to combat fraud and allow recipients to verify the origin of an individual Apostille.").  Item 8 on the purported apostille is blank.  Like the missing notarization, the missing apostille number goes right to the heart of the Exhibit's reliability.

- Inconsistency in Seals – Item 4 on the purported apostille reflects that the Exhibit contains the seal of the "Amtsgerichts Frankfurt," *i.e.*, the District Court of Frankfurt.  The Exhibit contains no seal of the Amtsgerichts Frankfurt, only a stamp purporting to be from Deutsche Bank.

- Other Inconsistencies – The purported signature on the Exhibit does not resemble the signature on the alleged April 13, 2018 letter, which is referenced in the Exhibit at paragraph 19.  (*Compare* ECF No. 54 at 6 *with* ECF No. 35-3 at 2.)  And, although the Exhibit's first and last pages appear to be bound using red ribbon through three holes with grommets, the three holes are not visible on the other scanned pages.

These defects are not mere technicalities.  Oaths, attestations, notarizations, and apostille numbers are precisely the attributes that supply legitimacy to written testimony from abroad and demonstrate not only that the individual who signs a document actually is the person identified in the document but also that the signer accepts the great weight of providing sworn testimony.  Their absence shows the creation and submission of this Exhibit constitutes a sanctionable fraud and the Exhibit should be afforded no weight at all.  *See Luscier v. Risinger Bros. Transfer, Inc.*, No. 13-CV-8553 PKC, 2015 WL 5638063, at *6, *10 (S.D.N.Y. Sept. 17, 2015) (imposing sanctions for false affidavit and unsworn letter and noting that "[t]he administration of an oath by a notary public and the notary's attestation to the same is not merely a quaint custom mindlessly carried over from ancient precedents.").

Third, the timing of the submission of the Exhibit is further evidence of its inauthenticity.  Plaintiff argued that it had access to Deutsche Bank affiants when it was litigating in South Korea (ECF No. 48 at 11), but never adequately explained why such testimony was not submitted when opposing Woori Banks' motions.  Plaintiff's only excuse for the late filing is that "Plaintiff had to wait until the affiant was able to take an oath as to the veracity of the affidavit in Europe, in accordance with the laws and regulation of the Hague

O'Hare Parnagian LLP

The Honorable Jesse M. Furman
April 12, 2019
Page 4

Convention (1961) and the Federal Republic of Germany." (ECF No. 52 at 2.) That pretext is conclusively refuted by the Exhibit itself, which is not under oath and which fails to comply with the Apostille Convention.[5]

        As demonstrated in Defendant's prior submissions, Plaintiff has repeatedly attempted to submit falsified documents in support of its fabricated claim for 8 billion euro. Defendant respectfully requests that the Court grant the relief sought in its pending motions.

        Respectfully submitted,

        *s/Jeffrey S. Lichtman*

        Jeffrey S. Lichtman

cc:    Counsel of Record (via ECF)

---

[5] The Exhibit does not purport to contain any information that was not available to Plaintiff when it submitted its briefs, and "therefore need have been addressed, if at all, in plaintiff's opposition papers." *Law Offices of Curtis V. Trinko, LLP v. Verizon Commc'ns Inc.*, No. 00 CIV 1910 SHS, 2006 WL 2792690, at *9 n.3 (S.D.N.Y. Sept. 27, 2006).