# THE LAW OFFICE OF RUTH CAM
## ATTORNEY AT LAW

**2030 EAST 4TH STREET, SUITE 218A**
**SANTA ANA, CA 92705**

TEL: (714) 488-9934
FAX: (714) 782-6032
CAM.LAWYER@PROTONMAIL.COM

The Law Office of Ruth Cam
Ruth Cam, Esq.
2030 E. 4th Street, Suite 218 A
Santa Ana, CA 92705

April 12, 2019

**VIA ECF**

To Honorable Judge Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007
Furman_NYSDChambers@nysd.uscourts.gov

    RE: REQUEST TO ADMIT AN ADDITIONAL EXHIBIT
    Case #: 1:18-cv-03735: AJ Energy LLC vs Woori America Bank, et al.

Dear Honorable Judge Jesse M. Furman:

The Law Office of Ruth Cam respectfully submits this letter brief in response to the Court's direction to the parties to brief the Affidavit that was submitted on March 28, 2019 in the above-referenced litigation. The letter brief is filed on behalf of Plaintiff AJ Energy LLC, ("AJ Energy") in response to why the Affidavit submitted, March 28, 2019, should not be considered untimely. It should be considered Exhibit 13 to the First Amended Complaint and/or as an attachment to our last 10-page opposition to Woori Bank's Motion for Sanctions.

## SUMMARY OF ARGUMENT

1.     Plaintiff submitted a deposition by Christian Sewing, Chief Executive Officer of Deutsche Bank AG Frankfurt Germany, March 28, 2019 to the Southern District of New York Court. The case was filed on behalf of Plaintiff AJ Energy, LLC to recover funds in the amount of Eight Billion Euros, which were stolen by Woori Bank.

2.     The Affidavit is highly relevant to the litigation above. We hereby request the affidavit to be accepted by the Court as it is a crucial evidentiary document in support of AJ Energy's allegations in general. Further the submitted affidavit confirms, as we stated in our operative Complaint and in each of our opposition against opposing party's motions. As we stated, Mohamed Kaba's affidavits, is confirmed as being fraudulent.

3.     Again, as we repeatedly stated Deutsch Bank, New York has no capabilities to review or access any transactions which took or are taking place in Deutsche Bank, AG in Frankfurt, Germany (hereinafter Deutsch Bank AG).

4.     The affidavit provided by Deutsche Bank is certified as to content and signature by the Landgericht (comparable to State Court in the US) in Frankfurt am Main, Germany and complies with the requirements of the Hague Convention from 1961, (Convention de la Haye du 5 October du 1961) as presented on the last page with the seal of the Court.

5.     There are several reasons this affidavit has not been submitted until now. As it is an important Exhibit supporting our case, we did not believe that we should have waited until the Discovery Process started.

6.     When AJ Energy approached us with the case, we were made aware that a couple of Law Firms had begun to file a complaint against Woori Bank. Unfortunately, they, either through ignorance or incompetence, filed the case in Orange County California against Woori America Bank. We reviewed the complaint and saw that the main Defendant, Woori Bank was not even included in their latest complaint.

7.     We spend hour after hour with Plaintiff AJ Energy, learning about the details of the case. When we felt that we had sufficient knowledge and understanding of the case, we requested that AJ Energy provide us with as many supporting documents as he could produce.

8.     While AJ Energy was obtaining and providing more and more documents supporting our Complaint, we further contacted NRG and its attorneys to learn the details of the case filed in South Korea for Three Billion Euros.

9.     Opposing Party relies on two defenses. First, they are claiming the amount is unrealistic and too high and a theft of this magnitude cannot happen. Secondly, they rely on at best irrelevant, but more likely intentionally false affidavits.

10.    Plaintiff continues to question why Defendant has yet to contact Deutsche Bank, AG Frankfurt and request a name who confirms Defendant's allegations.

11.    Plaintiff has stated from the beginning of the case that the affidavits submitted by Mohammed Kaba of Deutsche Bank, New York, could and did and does not have access to ANY transactions which were or are conducted by Deutsche Bank AG in Frankfurt, Germany. As Mr. Kaba submitted two affidavits, it is very unlikely that he simply made a mistake as to the content of his affidavits.

12.    The same applies to the document produced by a nameless employee of Deutsche Bank in Seoul, South Korea, which again falsely states that the transactions never happened. The unnamed person who provided the Korean document also does not have ANY access to transactions involving Deutsche Bank AG in Frankfurt, Germany. Any copies of transactions submitted by Defendants as Exhibits, supplied by Deutsche Bank, Seoul cannot be authentic, as Deutsch Bank AG, Frankfurt Germany, Woori Bank and the Central Bank of South Korea are the only entities that can be in the possession of any transaction records relating to this matter.

## THE AFFIDAVIT BY DEUTSCHE BANK IS NOT UNTIMELY

13.     Plaintiff AJ Energy has been in close contact with Deutsche Bank AG, Frankfurt, Germany. As is well documented Deutsche Bank AG, Frankfurt made headlines in the financial press due to several issues plaguing the Bank in 2018.

14.     In April 2018, Affiant Christian Sewing was appointed CEO of Deutsch Bank AG. It was well known that Deutsche Bank AG was involved in legal issues which lead to a change in leadership.

15.     Around this time Chancellor Angela Merkel's Finance Minister Olaf Stolz began to regularly meet with the new leadership at Deutsche Bank in regard to restructuring the Bank and further discussing a potential merger with the German Commerzbank, AG.

16.     One of the major concerns was that the German Government wanted to establish a large bank which would be able to withstand another financial crisis as it happened in 2008. The political goal was and is to establish a bank large enough to withstand another economic slowdown or worse, a crisis.

17.     There is a plethora of articles about the matter in the media. This is easily Googleable.

18.     During this time Christian Sewing was extremely busy assembling a new leadership team and handle the complexities of the large, planned merger with Commerzbank, AG.

19.     While Plaintiff was able to discuss the matter of the stolen funds with Christian Sewing, it was not able to obtain a requested affidavit regarding Woori Bank's theft.

20.     By now Deutsch Bank, AG has a new leadership team and the merger is moving forward.

21.     Deutsche Bank, AG's new leadership thoroughly researched and investigated the matter again to confirm that everything had taken place as documented. After the affidavit was prepared, Deutsch Bank, AG got it stamped and certified by the Landgericht in Frankfurt am Main, Germany.

22.     Only Plaintiff, its business partners in South Korea, Deutsche Bank, AG Frankfurt, Germany and Woori Bank have direct knowledge of the matter at issue in this case. It is apparent that Woori Bank will fight to keep the stolen funds and try to hide the theft. There is however one institution that also has proof of the transactions. This institution is the Central Bank of South Korea. Plaintiff is planning to obtain copies of the transactions from said Central Bank.

## THE AFFIDAVIT IS RELEVANT TO THE PENDING MOTIONS AND THE DECISION OF THIS HONORABLE COURT

23.     While Plaintiff is not required to give detailed factual allegations, it has done so in this matter. The statement of the claim must include plausible, factual allegations concerning all material elements of a claim. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

24. In this case Plaintiff has gone out of its way to provide not only plausible factual allegations and supported these allegations with Exhibits. Defendant's only rebuttal is to claim over and over that Plaintiff's allegations and exhibits must be false as a theft involving this large an amount in damage, is simply not possible. Therefore, Defendants claim, incorrectly that Plaintiff's case must be made up.

25. Further Defendant submitted at least Three verifiably false affidavits. The other exhibits filed in opposition to AJ Energies Complaint are mostly articles pulled from the internet. Only one transaction record supposedly provided by Deutsche Bank, Seoul was submitted and is also verifiably false.

26. The affidavit is based on personal knowledge by Deutsche Bank AG, CEO Christian Sewing. The affiant is also familiar with the transaction records supporting Plaintiff's case against Woori Bank. Sewing confirms the account numbers, SWIFT Codes and all other documents showing that both the Three Billion Euros transaction and the Five Billion Euros happened exactly as Plaintiff alleges.

27. Christian Sewing also swears that the common account number **W1024001KR**, referred to repeatedly in the Complaint, still exists and has never been closed or blocked. During Discovery Plaintiff will be able to produce the records showing the details of the common account used by Woori Bank to defraud AJ Energy.

28. Further Plaintiff's Complaint is plausible. Plausibility refers to the scope of allegations; if allegations are so general that they cover a wide range of conduct, much of it innocent and Plaintiffs have not provided plausible allegations, see *Speaker v. U.S. Dept. of H&HS Ctrs.for Disease Control & Prevention*, 623 F.3d 1371, 1384-85 (11th Cir.2010)

29. Here Plaintiff has made allegations narrow in scope, by showing how the theft was committed and supported its allegations with exhibits.

30. AJ Energy's allegations also lead to a reasonable interference of liability. A claim is plausible on its face when the Plaintiff pleads factual content that allows the Court to draw a reasonable inference that the Defendant is liable for the alleged misconduct. See *Iqbal*, 556 U.S. at 678.

31. Plaintiff has alleged that Defendant stole Eight Billion Euros from Plaintiff. The allegations are plausible on the face of the Complaint. Woori Banks statements that the amount is too high to be at all factual is incorrect. Defendant kept the funds it was supposed to transfer to AJ Energy where in fact never deposited into AJ Energy's account.

32. Christian Sewing clearly states in his affidavit that no subsidiaries of Deutsch Bank, AG have knowledge of or access to any transaction conducted by Deutsch Bank, AG on behalf of a client.

33. Further, Deutsche Bank, AG had submitted a letter to support the case (Case No. 2017/5093457) regarding the theft of the Three Billion Euros in South Korea. Defendants had argued that the letter was forged. In this affidavit Sewing confirms that this letter was indeed signed by him and sent to Seoul.

34.     Finally, admitting the affidavit in support of Plaintiff's claim does not prejudice the opposing party. As they are in fact in possession of the same exhibits submitted by Plaintiff with its complaint and the oppositions to Defendant's Motion to Dismiss and Motion for Sanctions. The affidavit would have been produced during discovery at the latest. By submitting the affidavit now, Defendants are able to more realistically evaluate their defense.

35.     FRCP 11(a); see 8 U.S.C. §1445(a) states that generally, the Plaintiff does not need to verify its complaint or attach affidavits. Verification is necessary only when specifically required by rule or statute.

36.     Plaintiff, after submitting its opposition to the Motion to Dismiss and the Motion for Sanctions filed by Defendants, believes this affidavit will be helpful to this Court in rendering a decision.

37.     Defendants claims that the Complaint is entirely comprised out of made-up allegations. Plaintiff has submitted this affidavit to show that a non-party with direct and personal knowledge of the theft is supporting the allegation set forth by Plaintiff.

## **CONCLUSION**

38.     Plaintiff believes that this affidavit, made under oath by a professional and credible person, shows Defendants are attempting to achieve a dismissal of the case in order to avoid liability for the large amount of money stolen from Plaintiff. Woori Bank is clearly willing to go to great lengths, which include the submission of fraudulent affidavits to obtain a Dismissal.

Respectfully,

Ruth Cam, Esq.

Attorney for Plaintiff AJ Energy, LLC