UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
AJ ENERGY LLC, :
:
:
Plaintiff, :
: 18-CV-3735 (JMF)
-v- :
: ORDER
:
WOORI BANK et al., :
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      By Opinion and Order entered on September 27, 2019, the Court granted Woori Bank's motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, in an amount equal to the attorney's fees and costs Woori bank incurred in connection with its Rule 12(b)(6) and Rule 11 motions. ECF No. 69, at 27-28. On October 31, 2019, the Court fixed the amount of the sanctions at $156,155.85, and ordered that AJ Energy LLC and its counsel pay that amount, on a joint and several basis, to Woori Bank no later than November 30, 2019. ECF No. 74. The Court cautioned that failure to pay by that date might "result in increased sanctions and/or referral to the Grievance Committee, as appropriate." *Id.*

      To date, neither Woori Bank nor its counsel has received payment from AJ Energy LLC or its counsel. ECF No. 76. Although AJ Energy LLC has filed a notice of appeal from the Court's judgment dismissing its claims and imposing sanctions, ECF No. 73, it is well established that a notice of appeal does not stay an order imposing sanctions. *See, e.g.*, *de la Fuenta v. DCI Telecomms., Inc.*, 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003) (noting that judgments are not stayed pending appeal unless the appellant posts a supersedeas bond, as required by Rule 62(d), or meets their "burden of providing specific reasons why the court should depart from the standard"); *see also Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987) (identifying "factors regulating the issuance of a stay" pending appeal).

      On the theory that AJ Energy LLC and its counsel may have been operating on the mistaken assumption that they did not need to pay the sanctions in light of their appeal, the Court will, as a courtesy, grant a one-time extension of the deadline to pay. Specifically, the Court EXTENDS the deadline to pay Woori Bank, *nunc pro tunc*, to **January 2, 2019**. Failure to pay in full by that date will result in AJ Energy LLC and its counsel being held in contempt. Further, for each business day thereafter that payment is not made in full, AJ Energy LLC and its counsel will be sanctioned an additional $100, payable to the Clerk of Court. *See, e.g.*, *Funk v. Belneftekhim*, 861 F.3d 354, 361, 370 (2d Cir. 2017) (holding that the "district court acted well within its discretion" by requiring payment of sanctions that had accrued on a per-day basis); *see*

*also, e.g.*, *Berger v. Imagina Consulting, Inc.*, No. 18-CV-8956 (CS), 2019 WL 6695047, at *4 (S.D.N.Y. Nov. 1, 2019) (increasing contempt sanction from $100 to $500 per day). Defense counsel should immediately advise the Court whether or not (and, if applicable, when) AJ Energy LLC and its counsel comply with the order to pay sanctions.

    SO ORDERED.

Dated: December 17, 2019
       New York, New York

                                               JESSE M. FURMAN
                                             United States District Judge